# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-01479-COA

**MICHAEL GUSS, JR. A/K/A MICHAEL PAUL GUSS, JR. A/K/A MICHAEL PAUL GUSS A/K/A MICHAEL GUSS A/K/A MIKE**                   APPELLANT

v.

**STATE OF MISSISSIPPI**                                                                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/21/2017 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | DEE BATES |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 04/02/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., WESTBROOKS AND LAWRENCE, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1.    A Lincoln County jury convicted Michael Guss Jr. of unlawful trafficking of more than thirty grams of methamphetamine.  He was sentenced to thirty years in the custody of the Mississippi Department of Corrections, with twenty-five years to serve and five years' post-release supervision.  Guss filed a motion for a new trial, arguing that the verdict was against the overwhelming weight of the evidence.  We find the verdict was not against the overwhelming weight of the evidence and affirm the conviction and sentence.

**FACTS**

¶2.    On December 2, 2015, Postal Inspector Dominick Riley was working at the United States Postal Inspection Service Center in Jackson, Mississippi. Part of his duties as a postal inspector included looking at packages for indicators that they may contain narcotics. During a routine check, Inspector Riley noticed a suspicious express mail package. The package was heavily taped with handwritten addresses for the return and sender labels. Neither of the names matched the addresses on the package. The package was sent from California, which Inspector Riley testified is a "drug source state." After a drug dog alerted him about the package, Inspector Riley applied for and obtained a search warrant. He testified that the package contained about a pound and a half of methamphetamine. The methamphetamine was wrapped in shrink wrap and surrounded by coffee grounds. According to Inspector Riley, coffee grounds are known to mask the smell of narcotics.

¶3.    Inspector Riley immediately contacted the Mississippi Bureau of Narcotics' (MBN) district office and spoke with Agent Kendrick Lewis. Inspector Riley and Agent Lewis arranged a controlled delivery of the package to its intended address. The next day, Inspector Riley delivered the package to Guss, who was sitting on the porch of the apartment residence. Agent Lewis observed Guss accept the package. As Inspector Riley left the apartment, MBN agents approached the residence to arrest Guss. Upon seeing the agents, Guss ran inside the apartment and threw his cell phone. The agents caught Guss, arrested him, and secured the residence. Guss was the only person at the apartment during the delivery of the package.

¶4.     Agent Lewis obtained a search warrant for the residence. The agents found the unopened United States Postal Service (USPS) package near the front door, a cell phone, and about one gram of marijuana in the front bedroom. While inspecting the cell phone, Agent Lewis noticed a browser open for the USPS. The browser was tracking the same package that was delivered to Guss. Agent Lewis testified that he also found various text messages between Guss and other individuals regarding drug transactions. Specifically, Agent Lewis found text messages describing the address and tracking number for the delivered package of methamphetamine.

¶5.     Agent Lewis contacted Lillian Bailey, the renter of the apartment. According to Agent Lewis, Bailey told Guss that he could use her address to receive a package through the mail. Bailey also told Agent Lewis that Guss had used her address two or three times before to receive other packages. Agent Lewis testified that Bailey claimed ownership of the marijuana located in the front bedroom but denied any knowledge of the USPS package containing methamphetamine.

¶6.     The Mississippi Forensics Laboratory tested the substance in the package and identified it as 441.26 grams of crystal methamphetamine.

¶7.     The defense rested without presenting any evidence.

**STANDARD OF REVIEW**

¶8.     As an appellate court, we review the evidence in the light most favorable to the verdict to determine whether the verdict is so contrary to the overwhelming weight of the evidence

3

that allowing it to stand would amount to an unconscionable injustice. *Little v. State*, 233 So. 3d 288, 289 (¶1) (Miss. 2017). We review the circuit court's decision to grant or deny a new trial for an abuse of discretion. *Id*. at 292 (¶21).

## DISCUSSION

¶9. "To support a conviction for possession of a controlled substance, 'there must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.'" *Glidden v. State*, 74 So. 3d 342, 345 (¶12) (Miss. 2011) (quoting *Wall v. State*, 718 So. 2d 1107, 1111 (Miss. 1998) (quotation omitted)). The possession may be actual or constructive. *Kerns v. State*, 923 So. 2d 196, 199-200 (¶11) (Miss. 2005). Constructive possession arises from "dominion or control" over drugs and requires "incriminating circumstances" to connect an accused to the substance. *Id*.

¶10. Guss argues that the State's evidence is "unconvincing" that he knew the contents of the delivered package. We disagree. Several incriminating facts were presented to the jury. Guss was alone at the residence when he accepted the package. When the agents approached, Guss tossed the package and his cell phone while fleeing. Additionally, his cell phone showed that he was tracking the package on the USPS website and had been text messaging someone named "Money" about the package since November 30. Guss's text messages with "Money" contained the receiving address for the package, the tracking number for the package, and the date of expected delivery. The text messages clearly

4

indicated that Guss was anxiously awaiting the delivery of the package and lamented its delay. The text messages also referenced a monetary amount for the package ($1,600), which, according to the State, represented a drug transaction.

¶11. The text messages clearly demonstrated Guss's interest in the package and the relative worth of the package. He only claimed disinterest in the package when the police arrived, and he threw the package down. Guss's actions prior to delivery, during delivery, and immediately after delivery were evidence of his dominion and control over the package and the incriminating circumstances of his possessing the package. After hearing all of the evidence, the jury, as the finder of fact, chose to find that Guss knew the package contained methamphetamine and that he intended to possess it. Accepting the evidence supporting the jury's verdict as true in this case, we do not find the verdict to be so contrary to the overwhelming weight of the evidence that to allow the verdict to stand would sanction an unconscionable injustice. Accordingly, we find that the circuit court did not err in denying Guss's motion for a new trial and affirm.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**

5